# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID. No. 2005005295
)
JOSHUA D. MCGRIFF, )
)
Defendant. )

## MEMORANDUM OPINION

Date Submitted:  October 2, 2023
Date Decided:  December 5, 2023

*Upon Consideration of Defendant's Motion for Postconviction Relief,*
**DENIED**

*Upon Consideration of Rule 61 Counsel's Motion to Withdraw,*
**GRANTED**

Kristina G. Bensley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin O'Connell, Esquire, Office of Defense Services, Wilmington, DE, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware, Rule 61 Counsel for Defendant Joshua D. McGriff.

**JURDEN, P.J.**

# I. INTRODUCTION

On November 18, 2021, McGriff was found guilty by jury trial of Attempted Rape First Degree and Assault Third Degree arising from a sexual assault.[1]  He now moves for Postconviction Relief under Superior Court Criminal Rule 61 ("Motion").[2]  This Memorandum Opinion addresses his Motion and Rule 61 Counsel's Motion to Withdraw ("Motion to Withdraw").[3]  For the reasons set forth below, McGriff's Motion is **DENEID** and Rule 61 Counsel's Motion to Withdraw is **GRANTED**.

---

[1] D.I. 59.
[2] D.I. 98.
[3] D.I. 110.

## II.  BACKGROUND

On May 19, 2020, seventeen-year-old Mitchell Gardner ("Gardner") was walking to his job at McDonald's when he was approached by McGriff who called him pretty and asked for his phone number.[4]  When Gardner refused, McGriff grabbed him and dragged him back into an alleyway where he began punching and hitting him while ordering him to be quiet.[5]  In the process of being beaten, Gardner gave McGriff money and offered to perform a sexual act on McGriff in an attempt to escape.[6]  McGriff continued to punch, hit, and kick Gardner until he ended up on the ground.[7]  While Gardner was on the ground, McGriff pulled down Gardner's pants and underwear and began to touch his rear while Gardner panicked and cried.[8] The police arrived shortly thereafter and arrested McGriff.[9]

Surveillance video caught the assault on tape.[10]  Nelson Ghee was a security guard working at a local business, Fidelitrade, and was reviewing a live feed when he noticed the assault.[11]  When he saw McGriff attempting to kiss Gardner, Ghee called 911.[12]  He then went out to the scene and observed Gardner crying with his

---

[4] Mitchell Gardner is a pseudonym assigned by the Court to the minor in this case. A140.  The "A" number refers to Rule 61 Counsel's submitted exhibits.
[5] A140.
[6] A141.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] A147.
[12] *Id.*

pants pulled down and money scattered about.[13] By the time Ghee made it to the scene, police were already on site.[14]

When Officer Akquil Williams arrived at the scene along with another officer, they saw Gardner crying with his pants pulled down and McGriff on top of him.[15] Officer Williams commanded McGriff to the ground and arrested him.[16] McGriff was identified by his own identification card pulled from his pants pocket and his cellphone was later seized by police.[17]

At trial, McGriff denied all accountability, claiming he was at a bus stop returning from work when he was arrested.[18] He denied being the person in the surveillance video showing the attack and the arrest.[19] The video depicts officers pulling his identification card out of his pocket.[20]

### III. PROCEDURAL HISTORY

On April 26, 2022, the Court sentenced McGriff as follows: for Rape First Degree, 50 years at Level V, suspended after 36 years for 2 years Level III; and for Assault Third Degree, 1 year Level V, suspended for 1 year Level III, effective May 19, 2020.

---

[13] A148.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] A154.
[18] A171.
[19] *Id.*
[20] A173.

4

On May 13, 2022, McGriff filed a motion for sentence modification,[21] and then subsequently filed a direct appeal to the Delaware Supreme Court.[22] The Court informed McGriff that his appeal to the Supreme Court divested the Superior Court of its jurisdiction over the case on June 13, 2022.[23]

On February 14, 2023, the Supreme Court affirmed the Superior Court's sentence.[24]

On March 27, 2023, McGriff filed a renewed motion for sentence modification which the Court denied on April 18, 2023.[25]

On February 21, 2023, McGriff filed the instant Motion.[26] A week later, on February 28, 2023, McGriff filed a motion for the appointment of counsel[27] which was granted on March 14, 2023.[28]

On July 5, 2023, Mr. Patrick Collins, Esq. was appointed to be Rule 61 counsel,[29] and on October 2, 2023, he filed a Motion to Withdraw as Rule 61 Counsel after he found McGriff had no meritorious postconviction claims.[30]

McGriff was given the ability to respond to his Rule 61 Counsel's Motion to

---

[21] D.I. 81. The Court is unable to locate McGriff's Rule 35(b) Motion. *See* D.I. 102.
[22] D.I. 82.
[23] D.I. 86.
[24] D.I. 97.
[25] D.I. 104.
[26] D.I. 98.
[27] D.I. 100.
[28] D.I. 101.
[29] D.I. 107.
[30] D.I. 109.

Withdraw which he did not do.

In his Motion, McGriff lays out nine separate grounds for postconviction relief. His claims are as follows: (1) ineffective assistance of counsel (Trial Counsel), (2) double jeopardy, (3) denial to subpoena witnesses, (4) suppression of favorable evidence, (5) violation of the right to a speedy trial, (6) illegal search and seizure, (7) illegal arrest (8) newly discovered evidence, and (9) ineffective assistance of counsel (Appellate Counsel).

This is McGriff's first postconviction motion and it is timely.

## IV. STANARDS OF REVIEW

### A. Rule 61: Procedural Bars to Relief

Rule 61 governs postconviction relief.[31] Under Rule 61, an incarcerated individual may seek to dismiss his conviction by establishing a lack of jurisdiction, or alternative ground, that sufficiently establishes a factual and legal basis for a collateral attack upon the conviction.[32] While "Rule 61 is intended to correct errors in the trial process, [it does] not allow defendants unlimited opportunities to relitigate their convictions."[33]

Before considering the merits of any postconviction relief claims, the Court must first consider whether any procedural bars exist.[34] Rule 61(i) establishes four

---

[31] Super. Ct. Crim. R. 61(a)(1).
[32] *Id.*
[33] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[34] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

6

procedural bars to postconviction relief.[35] Rule 61(i)(1) requires a motion for postconviction relief must be filed within one year of a final judgement or conviction.[36] Rule 61(i)(2) bars successive motions for postconviction relief unless certain conditions are met.[37] Pursuant to Rule 61(i)(3) and (4), any ground for relief not previously raised is deemed waived and any claims formerly adjudicated are thereafter barred.[38]

There is an exception to the Rule 61(i)(3) procedural bar to relief. Procedural default may be overcome if the movant shows "(A) cause for relief from the procedural default and (B) prejudice from violation of the movant's rights."[39] A "cause" for procedural default can be shown through IAC.[40] However, "[a]ttorney error short of ineffective assistance of counsel does not constitute 'cause' for a procedural default even when that default occurs on appeal rather than trial."[41]

---

[35] Super. Ct. Crim. R. 61(i)(1)-(4).

[36] Super. Ct. Crim. R. 61(i)(1).

[37] Rule 61(i)(2) bars successive or subsequent motions for postconviction relief unless the movant is able to "pled with particularity" that (i) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid." Super. Ct. Crim. R. 61(d)(2).

[38] This includes proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding. *See* Super. Ct. Crim. R. 61(i)(5), (d)(2)(i), (ii).

[39] Super. Ct. Crim. R. 61(i)(3)A, B.

[40] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[41] *Id*.

Because IAC claims cannot be raised at any earlier stage in the proceedings, they are properly presented by way of a motion for postconviction relief.[42]

B. Rule 61: Ineffective Assistance of Counsel ("IAC")

To succeed on IAC claims, a defendant must meet the test set out in *Strickland v. Washington*.[43] That is, the defendant must demonstrate that: (1) trial counsel's performance was objectively unreasonable,[44] and (2) if counsel was deficient, there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[45]

Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's conduct fell within a wide range of reasonably professional assistance.[46] Mere allegations of ineffectiveness are not enough.[47] Counsel "may not be faulted for reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[48] There is a strong presumption that a defense counsel's conduct constituted sound trial

---

[42] *Sabb v. State*, 2021 WL 2229631, at *1 (Del. May 28, 2021); *Green v. State*, 238 A.3d 160, 187-188 (Del. 2020); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[43] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[44] *Sykes v. State*, 147 A.3d 201, 211 (Del. 2015) (citing *Strickland*, 466 U.S. at 694).
[45] *Strickland*, 466 U.S. at 694.
[46] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); *Salih v. State*, 2008 WL 4762323, at *1 (Del. Oct. 31, 2008).
[47] *Younger*, 580 A.2d at 556.
[48] *State v. Finn,* 2012 WL 1980566, at *4 (Del. Super. May 23, 2012) (citing *Harrington v. Richter,* 562 U.S. 86, 102-110 (2011)).

strategy,[49] and a defendant must make and substantiate concrete allegations that overcome this presumption.[50] When reviewing a defendant's allegations of deficient counsel, the reviewing court must "avoid peering through the lens of hindsight."[51] The "[b]enchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[52]

The Court also utilizes the *Strickland* test when reviewing the performance of appellate counsel.[53] "A defendant can only show that his appellate counsel ineffectively represented him where the attorney omits issues that are clearly stronger than those the attorney presented" on appeal.[54] Even where a defendant is successful in demonstrating the foregoing, he must then establish a reasonable probability that, but for appellate counsel's failure to raise the issue, the defendant would have prevailed on appeal.[55]

C. Motion to Withdraw

Rule 61 Counsel's Motion to Withdraw is governed by Superior Court Criminal Rule 61(e)(7). Under Rule 61, counsel may move to withdraw if they find

---

[49] *Strickland*, 466 U.S. at 694.
[50] *See Salih*, 962 A.2d at 257; *see also Albury*, 551 A.2d at 59.
[51] *State v. Wright,* 653 A.2d 288, 295 (Del. Super. 1994).
[52] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009) (internal quotations omitted).
[53] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[54] *Ploof*, 75 A.3d at 832.
[55] *Neal*, 80 A.3d. at 947.

9

the movant's claim to be "so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant."[56] When evaluating a motion to withdraw, the Court must determine if its satisfied that moving counsel made conscientious examinations of the record and the law for any claims that could arguably support the Rule 61 motion.[57] The Court should also undertake its own review of the relevant claims to determine whether the Rule 61 motion would be devoid of "any, at least, arguable postconviction claims."[58]

## V. DISCUSSION

### i. Ground two: double jeopardy

McGriff claims his two rape charges constitute double jeopardy.[59] Before addressing the merits of this argument, the Court determines whether any procedural bars apply. Under Rule 61(i)(4), a claim will be procedurally barred if it was previously adjudicated.[60] McGriff previously raised this argument in his appeal to the Delaware Supreme Court, and it was rejected.[61] Therefore, this claim is formerly adjudicated and thus procedurally barred.

---

[56] Super. Ct. Crim. R. 61(e)(7).
[57] *State v. Coston*, 2017 WL 6054944, at *2 (Del. Super. Dec. 7, 2017).
[58] *Id.*
[59] D.I. 98.
[60] Super. Ct. Crim. R 61(i)(4).
[61] *State v. McGriff*, 291 A.3d 1088 (TABLE) (Del. 2023).

10

## ii. Ground three: failure to subpoena witnesses

McGriff claims witnesses should have been subpoenaed to establish his alibi.[62]  However, McGriff does not name what witnesses he believes should have been subpoenaed or what testimony they would have provided that could have changed the jury verdict.[63]  So, McGriff cannot show he has been prejudiced. Because this claim is wholly conclusory, the Court find this argument meritless.

## iii. Ground four: suppression of favorable evidence

McGriff claims the outcome of his trial would have been different had the cellphone evidence and cellphone warrant been suppressed.[64]  No evidence from McGriff's cellphone was admitted into evidence at trial, so the suppression of the cellphone evidence and cellphone warrant could not have prejudiced McGriff.[65] This claim is meritless.

## iv. Ground five: violation of his right to a speedy trial

McGriff claims that because his trial did not take place until twenty-seven months after indictment, his right to a speedy trial was violated.  This claim, like his double jeopardy claim, was previously presented to, and adjudicated by, the Delaware Supreme Court and is therefore procedurally barred.[66]

---

[62] D.I. 98.
[63] *Id.*
[64] *Id.*
[65] *See generally,* A115-227.
[66] *State v. McGriff*, 291 A.3d 1088 (TABLE) (Del. 2023).

11

### v. Ground six: illegal search and seizure

McGriff claims the police lacked probable cause to seize his cellphone.[67] As previously discussed, the cellphone was not admitted into evidence during the trial, so any alleged illegal seizure of his cellphone could not have prejudiced him.[68] Therefore, this claim is meritless.

### vi. Ground seven: illegal arrest

McGriff claims he was unlawfully arrested without a positive identification of him as the perpetrator.[69] He argues that he did not commit crimes in front of the police, and he did not fit the description of the perpetrator. Video evidence properly admitted at trial of the crime proves otherwise. In the video, McGriff can be seen committing the crimes when police arrive on scene, and the question of whether McGriff's arrest was lawful was previously argued at a preliminary hearing, making this claim formerly adjudicated.[70] Thus, this claim is meritless and barred procedurally.

### vii. Ground eight: newly discovered evidence

McGriff claims there is newly discovered evidence entitling him to a review on the merits pursuant to Rule 61(d)(ii).[71] McGriff's "new evidence" is his

---

[67] D.I. 98.
[68] *See generally,* A115-227.
[69] D.I. 98.
[70] A25-36.
[71] Super. Ct. Crim. R. 61(d)(2)(i) (barring successive or subsequent motions for postconviction relief unless the movant is able to "pled with particularity" that (i) "new evidence exists that creates

allegation that Officer DeBonaventura[72] planted evidence in a separate case and that McGriff's property receipt from prison shows that he did not have a hoodie, coat, or do-rag which eyewitnesses and police say the perpetrator was wearing when he committed the crimes.[73]

This "new evidence" fails. The surveillance video and eyewitnesses caught McGriff red-handed. In light of the mountain of evidence against McGriff, he is unable to meet his burden of showing his "new evidence" creates a strong inference he is "actually innocent in fact of the acts underlying the charges" that he was convicted of.[74] Therefore, McGriff's proffered "new evidence" provides no basis for postconviction relief and is meritless.

*viii. Grounds one and seven: ineffective assistance of counsel*

McGriff brings two separate ineffective assistance of counsel claims: one against Trial Counsel and one against Appellate Counsel.[75] Rule 61 Counsel summarized McGriff's *pro se* Rule 61 claims of Trial Counsel's deficiencies as follows:

- Failed to obtain facts from defendant
- Failed to pursue obvious leads provided by defendant
- Failed to gather corroborating evidence
- Failed to obtain evidence from defendant

---

a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted . . .").

[72] DeBonaventura was one of the detectives involved in McGriff's case.

[73] D.I. 98.

[74] Super. Ct. Crim. R. 61(d)(2).

[75] D.I. 98.

- Failed to impeach any of the State witnesses
- Failed to object to the admission of evidence
- Failed to file any pretrial motions
- Failed to move to suppress cellphone evidence
- Refused to file motion for judgment of acquittal on the rape and assault charges
- Failed to visit the crime scene
- Failed to locate witnesses corroborating defendant's alibi
- Failed to object to prosecutorial misconduct
- Failed to move to acquit due to lack of positive identification of defendant by victim or eyewitness

Trial Counsel's conduct is reviewed under a *Strickland* standard which requires both (1) the counsel's conduct to be objectively unreasonable and (2) a showing that but for, the counsel's conduct, defendant's result could have been different.[76] This means that the defendant must have been prejudiced by the decisions trial counsel made in representation. In *Ploof v. State*, the Supreme Court held there is no need to assess the *Strickland* objective unreasonableness prong if there was no prejudice to the defendant.[77] The defendant must make "concrete allegations of actual prejudice and substantiate them or risk summary dismissal."[78] If the defendant is unable to show this prejudice, his IAC claim will be denied.[79]

McGriff is unable to show actual prejudice. Not only was he identified by multiple eyewitnesses as the perpetrator but there was also video evidence showing

---

[76] *Strickland*, 466 U.S. at 694.
[77] 75 A.3d 811, 825 (Del. 2013).
[78] *Outten v. State*, 720 A.2d 547, 557 (Del. 1998).
[79] *Ploof*, 75 A.3d at 825.

14

McGriff committing the crimes.[80] None of the grievances McGriff has with his Trial Counsel would have negated the video evidence or the eyewitness testimony. The evidence at trial was overwhelming. McGriff is unable to show that a different result would have been produced had Trial Counsel done anything differently. Trial Counsel was not required to investigate frivolous claims or perform every action the defendant wanted.[81] As such, McGriff fails to establish that Trial Counsel conduct was unreasonable and that he was prejudiced by it.

McGriff claims his Appellate Counsel was ineffective for failing to preserve claims for appeal and to appeal those claims for him. The record demonstrates otherwise.[82] McGriff's Appellate Counsel did appeal,[83] and McGriff cannot show that Appellate Counsel omitted "issues that [were] clearly stronger than those [] presented" on appeal.[84] The fact that the Supreme Court rejected Appellate Counsel's arguments does not mean Appellate Counsel was ineffective. The Court is unable to find an instance of unreasonable conduct by Appellate Counsel or prejudice to McGriff. Therefore, McGriff's IAC claims are meritless.

## VI. CONCLUSION

For these reasons, McGriff's Motion for Postconviction Relief is **DENIED**

---

[80] *See generally* A115-227.

[81] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009) (trial counsel decides "if and when to object, what witnesses, if any to call, and what defenses to develop.").

[82] D.I. 110.

[83] *State v. McGriff*, 291 A.3d 1088 (TABLE) (Del. 2023).

[84] *Ploof*, 75 A.3d at 832.

and Rule 61 Counsel's Motion to Withdraw is **GRANTED.**

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Joshua McGriff, Defendant
       Patrick J. Collins, Esq.